[L. A. No. 9201. In Bank.—December 21, 1928.]

CHARLES W. HESTER, Respondent, v. MARY O'KEEFE O'DARA, Appellant.

Frank C. Scherrer for Appellant.

Charles Robert McCarty for Respondent.

THE COURT.— This appeal was submitted upon an order to show cause, the respondent having presented and filed no brief. The action was one for damages for trespass, based upon two causes of action set forth in the plaintiff's amended complaint. By the first cause of action the plaintiff complained of a trespass on the part of the defendant upon property of which the plaintiff was in peaceable possession, consisting in the invasion of said premises by the defendant and the taking up and removal of certain garden plants therefrom to the damage of the plaintiff in the sum of $500. The other count alleged a like invasion of said premises upon a different date, resulting in the digging of a hole or trench for sewer pipe across the same without the consent of plaintiff and to his damage in the sum of $500. The answer of the defendant consisted in a denial of the foregoing averments of the complaint. The

trial court found in favor of the plaintiff upon the first cause of action but found that his damage amounted to but the sum of $25. Upon the other cause of action the trial court also found in plaintiff's favor but assessed the damage at $1. From the judgment for these two amounts the defendant has prosecuted this appeal. The sole question presented is as to the insufficiency of the evidence to support the foregoing findings of the trial court. The whole burden of the appellant's contention seems to be that there was no sufficient evidence of the value of the plants destroyed. The evidence which the appellant quotes in her brief sufficiently negatives this contention, and also sufficiently negatives the appellant's contention as to the insufficiency of the evidence to justify the findings of the trial court as to the plaintiff's damage in the sum of $1 caused by the digging of the sewer hole. This appeal, in view of the total amount involved therein, is so evidently a spite appeal resulting from a neighborhood quarrel that it should be penalized, and all other similar appeals discouraged, as frivolous and entirely lacking in substantial merit.

The judgment herein is affirmed and a penalty of $100 is imposed upon the appellant for taking and prosecuting a frivolous appeal.